## MUTUAL LIFE INS. CO. OF BALTIMORE v. SCHLEIN.

Court of Appeals of District of Columbia.
Submitted April 4, 1929. Decided
May 6, 1929.

No. 4758.

Benj. S. Minor, H. Prescott Gatley, and Arthur P. Drury, all of Washington, D. C., for plaintiff in error.

Abner Siegal, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The issue in this case calls for a construction of certain written contracts existing between the parties. The controlling facts are not disputed.

On January 18, 1926, Schlein entered into a written contract of employment with the insurance company, whereby he undertook to canvass for insurance and collect premiums upon industrial policies issued by the company, for which services he was to be paid in part by a stated salary and in part by commissions to be computed on the basis of the net increase of weekly premiums produced through his efforts. The net increase was to be computed by taking the premiums on policies issued during the week upon applications written by Schlein, and upon lapsed policies revived during the week through his efforts, and deducting therefrom the weekly premium upon all policies lapsed from Schlein's account during the week which were in force at the time of his accepting the agency or were issued to his account after that date, or revived or transferred to his account during his employment, with the exception of lapses caused by the death of the insured, or by the maturity of the policy, or such other causes as were excepted by the company's regulations. The commission allowed for the net increase of weekly premiums, and the deductions therefrom because of lapsed policies were alike to be determined by multiplying the amount of the premiums by an adjustable amount fixed by a schedule appearing in the written contract.

As part of the arrangement between the parties, Schlein executed and delivered to the company an indemnifying bond subject to the following conditions, to wit:

"* * * If the above named Maurice I. Schlein * * * shall indemnify the Company for all losses by lapse of policy or otherwise, for which, under the terms of the rules and regulations governing his employment as said agent as aforesaid, and the instructions to him issued by his lawful superiors in the service of the Company, he * * * shall be responsible, whether said lapses occur during his employment or subsequent thereto. and likewise save harmless and indemnify the said Company for all loss or damages by it suffered through any negligence, breach of duty, or other wrongful act or omission on the part of the above bounden Maurice I. Schlein. * * *"

As security for the performance of his obligations under this bond, Schlein concurrently deposited the sum of $100 with the company.

Schlein remained in the employ of the company until February 19, 1927, at which time he left its service and demanded the return of the $100 deposited by him with his bond. This was refused by the company, whereupon Schlein brought this case in the municipal court for its recovery.

At the trial the company produced an undisputed statement of its account with Schlein as it stood at the time when he left its employ. It thereby appeared that Schlein was indebted to the company in the sum of $723.71, and that one of the items charged against him was the sum of $128.55 for lapses occurring during the period of his employment. It is claimed by the company that the amount deposited by Schlein, for which he now sues, may be retained by it

under the terms of the indemnifying bond in satisfaction pro tanto of the lapses aforesaid. The municipal court, however, denied this claim, upon the ground that it did not appear that the lapses in question had been caused by Schlein's fault, and that in the absence of proof that he was "responsible" for any lapse of policies under the rules governing his employment, he was entitled to recover the amount of his deposit.

This conclusion is based apparently upon the interpretation placed by the lower court upon the word "responsible" as used in the condition of Schlein's bond. The term appears to have been construed as implying that the indemnity extended only to such lapses as were caused by Schlein's default. We think this construction is erroneous. The word "responsible" as used in the condition of the bond relates to the policies for which Schlein as agent was responsible in the sense of accountable, under the provisions of the contract, and does not limit the charge for lapses to such as are occasioned by his default. Under the terms of the contract of employment and the indemnifying bond, when construed together, Schlein was to be credited in advance with commissions representing certain adjusted values for policies secured by him or for which he was otherwise accountable, and such credits were afterwards to be charged against him pro tanto in case of the lapse of the policies. The purpose in view, accordingly, was to reimburse the company for an excessive advance payment to Schlein on commissions, and was not contingent upon misconduct on his part. This interpretation is also sustained by the fact that the bond contains another and separate provision for indemnity against losses suffered by the company through "any negligence, breach of duty, or other wrongful act or omission" on Schlein's part.

The judgment of the municipal court is accordingly reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.